IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carolyn Jefferson, ) | Civil Action No.: 1:15-cv-786-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Carolyn Jefferson ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges, for pretrial handling. On February 4, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") in which she found that the Court cannot determine that the Commissioner's decision is supported by substantial evidence. Accordingly, the Magistrate Judge recommended reversing the Commissioner's decision and remanding the case for further administrative proceedings. (ECF No. 26.) The Commissioner filed Objections on February 22, 2016. (ECF No. 28.) For the reasons stated below, the Court adopts the Report in part, reverses the Commissioner's decision and remands the case for further administrative proceedings.

1

## **FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.[1] Plaintiff was 51 years old at the time of the most recent hearing. She completed two years of college and obtained an associate's degree in business. She has past relevant work experience as a retail sales clerk and a collections agent. On February 2, 2010, Plaintiff filed an application for DIB alleging a disability since May 20, 2009, due to diabetes, depression, carpel tunnel syndrome, arthritis, hypertension, anxiety, and obesity, which was denied initially and on reconsideration. (R. at 13–14.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on September 21, 2011, finding Plaintiff was not disabled under the Act. The Appeals Council subsequently issued an order vacating the ALJ's decision and remanding the case to the ALJ. A second hearing was held before an ALJ, who issued an unfavorable decision on January 16, 2014, finding Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on February 24, 2015. (ECF No. 1.)

## **REPORT AND RECOMMENDATION**

In the sixty-three page Report, the Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 26 at 61.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination

---

[1] Unless otherwise noted, the following background is drawn from the Report.

2

of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v.*

*Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **DISCUSSION**

The Commissioner filed objections to the Report on February 22, 2016. (ECF No. 28.) She objects to the Magistrate Judge's finding that the ALJ's decision to accord little weight to the opinions of Plaintiff's treating physicians, Dr. Eduardo Cifuentes ("Dr. Cifuentes") and Dr. Betty Anita-Obong ("Dr. Anita-Obong"), is unsupported by substantial evidence. (*Id.* at 1.)

As an initial matter, this aspect of the ALJ's decision was only one of the many reasons the Magistrate Judge offered for recommending the Court reverse the Commissioner's decision and remand the matter for further administrative proceedings. Specifically, the Magistrate Judge also found that she could not determine whether

4

substantial evidence supported the ALJ's findings that: (1) Dr. Wendy Molinaroli's opinions should be accorded little weight; (2) Plaintiff's carpel tunnel syndrome is not a severe impairment and therefore no restrictions related to carpel tunnel syndrome should be imposed in the RFC assessment; (3) Plaintiff's depressive disorder is not a severe impairment and therefore no restrictions related to depressive disorder should be imposed as in the RFC assessment; (4) Plaintiff's combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1; and (5) Plaintiff's individual symptoms did not satisfy the "paragraph B" criteria under Listing 12.06. (ECF No. 26 at 48–62.) Thus, even if the Court were to grant the Commissioner's objections here, remand would still be proper based on the numerous other grounds relied on by the Magistrate Judge, to which the Commissioner does not object. Nevertheless, the Court employs *de novo* review to consider the Commissioner's specific arguments.[2]

The Commissioner asserts that in making the findings regarding the ALJ's treatment of Dr. Cifuentes's and Dr. Anita-Obong's opinions, the Magistrate Judge "imposed a standard that is not required by the governing regulations, re-weighed the evidence, and substituted her judgment for the ALJ's." (ECF No. 28 at 1.)

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *see, e.g.*, *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical

---

[2] As always, the Court says only what is necessary to address such arguments against the already meaningful backdrop of a thorough Report of the Magistrate Judge; exhaustive recitation of law and fact exists there.

5

evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors: (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(c); *see* SSR 96–2p; *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006). However, the Fourth Circuit has not mandated an express discussion of each factor and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." *Hendrix v. Astrue*, No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010); *see* § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." *Craft v. Apfel*, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

6

Here, Dr. Cifuentes opined in a mental RFC assessment that Plaintiff was markedly limited in her ability to carry out detailed instructions and respond appropriately to changes in the work setting, as well as in her ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. at 633–35.) The ALJ accorded little weight to Dr. Cifuentes's opinion, finding it "inconsistent with his treatment notes." (R. at 23.) Specifically, the ALJ found that the marked limitations opined by Dr. Cifuentes were inconsistent with Plaintiff's GAF scores that indicated mild to moderate symptoms. (R. at 23.) The ALJ provided no further explanation for his decision to accord Dr. Cifuentes's opinion little weight.

Other courts in this district have found that where an ALJ's decision to discount a treating physician's opinion is based solely on inconsistent GAF scores, the Court cannot adequately determine whether that decision is supported by substantial evidence. *See Parker v. Colvin*, No. 0:13-CV-00153-DCN, 2014 WL 4793711, at *3 (D.S.C. Sept. 25, 2014) (noting that "an inconsistent GAF score alone, without further context and additional evidence, is insufficient to discount a treating physician's opinions" and remanding where the ALJ's primary reason for discounting the treating physician's opinion was inconsistency with GAF scores); *Green v. Astrue*, No. 1:10-cv-1840, 2011 WL 1770262, *18 (D.S.C. May 9, 2011) (finding "the ALJ erred in relying heavily on [a GAF score] in discounting the opinion of Plaintiff's treating psychiatrist"); *cf. Radley v. Colvin*, No. 6:13-cv-569, 2014 WL 3571446, *26 (D.S.C. July 17, 2014) ("To the extent the ALJ's citation to the GAF scores in assessing [the treating physician's] opinions of the plaintiff's limitations due to pain was in error, the

7

undersigned finds that such error was at most harmless as the ALJ gave several valid reasons for discounting [the treating physician's] opinion.").

The Magistrate Judge relied on *Parker* in part to recommend that the ALJ's decision to discount Dr. Cifuentes's opinion was not supported by substantial evidence. (ECF No. 26 at 42.) She also relied on her finding that "the ALJ's evaluation fails to reflect any consideration of the other relevant factors in 20 C.F.R. § 404.1527(c)." (*Id.* at 43.) The Court finds no error in the Magistrate Judge's analysis and agrees with her findings. Indeed, while an ALJ need not explicitly discuss every factor under 404.1527(c) in deciding what weight to give a medical opinion, some explanation is required. *See Munson v. Astrue*, No. 5:08-CV-110-D(3), 2008 WL 5190490, at *3 (E.D.N.C. Dec. 8, 2008) ("[T]he ALJ need 'not explicitly discuss all the § 404.1527(d)[3] factors for each of the medical opinions,' as long as good reasons are provided for the assigned weight.") (internal quotation marks and citation omitted). Without further explanation by the ALJ in the instant matter, the Court cannot determine whether the ALJ's decision to accord Dr. Cifuentes's opinion little weight is supported by substantial evidence. This objection is therefore overruled.

As for Dr. Anita-Obong, she reported that Plaintiff suffered from pain as a result of radiculopathy and a cervical strain she received in a car accident. (R. at 744.) Dr. Anita-Obong opined that Plaintiff's disabling pain would prevent her from working full time at even a sedentary position. (R. at 744.) In his decision, the ALJ found that the medical evidence of record did not support this opinion. (R. at 21.) He noted that: (1) Plaintiff is prescribed Ibuprofen for pain; (2) she has not been referred to a pain

---

[3] In 2012, the Commissioner revised 20 C.F.R. § 404.1527 and deleted the former paragraph (c) pertaining to the duty to recontact a physician. The remaining subsections were re-numbered, and 404.1527(d) now appears as 404.1527(c).

8

management specialist, but instead, declined injections for her symptoms of shoulder pain and has deferred surgery for her carpel tunnel syndrome; and (3) she did not attend physical therapy when initially prescribed by another physician. (R. at 21.)

The Magistrate Judge found that the "ALJ's explanation of his decision to accord little weight to Dr. Anita-Obong's opinion does not reflect adequate consideration of the relevant factors under 20 C.F.R. § 404.1527(c)." (ECF No. 26 at 44.) In support, the Magistrate Judge noted that the ALJ did not consider Dr. Anita-Obong's status as a treating physician and her relationship with Plaintiff and failed to consider other medical evidence in the record including: (1) Dr. Anita-Obong's observation that Plaintiff had swelling in her middle finger and tenderness over her right hip joint following the car accident in January 2011 (R. at 649–50); (2) Dr. Anita-Obong referred Plaintiff for physical therapy and x-rays immediately following her car accident and subsequently for electrodiagnostic studies and consultations with other physicians (R. at 650, 746–47); (3) electrodiagnostic studies showed Plaintiff to have moderately severe median neuropathy in her right hand and middle trigger finger and Dr. Gerald Shealy recommended surgery (R. at 746–47); and (4) Dr. Shane Woolf diagnosed moderate right shoulder AC joint arthritis and bilateral carpel tunnel syndromes (R. at 748). (ECF No. 26 at 44–45.)

The Commissioner argues that in making these findings, the Magistrate Judge re-weighed the evidence and substituted her judgment for the ALJ's. The Court agrees. The ALJ provided specific reasons for discounting Dr. Anita-Obong's opinion such that the Court has the ability to determine whether the ALJ's decision is supported by substantial weight, and finds that it is. *See Munson*, 2008 WL 5190490, at *3. While there may be conflicting evidence in the record, the Court's role is not to reweigh the

evidence and come to its own conclusion as to the value of Dr. Anita-Obong's opinion. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). Accordingly, this objection is granted.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ and the Commissioner's objections to the Report. Upon *de novo* review, the Court concurs in the recommendation of the Magistrate Judge that it cannot determine whether substantial evidence in the record supports the ALJ's treatment of Dr. Cifuentes's opinion. However, the Court finds that the ALJ's treatment of Dr. Anita-Obong's opinion is supported by substantial evidence. Accordingly, the Court ADOPTS the Report in part, REVERSES the decision of the Commissioner's decision, and REMANDS under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. On remand, the ALJ should consider the grounds for remand articulated in this Order as well as those stated in the Magistrate Judge's Report to which the Commissioner did not object.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

May 5, 2016
Greenville, South Carolina