IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Carolyn Jefferson,                          )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )          Civil Action No. 1:15-cv-786-BHH
                                            )
Nancy A. Berryhill, Acting                  )                    **ORDER**
Commissioner of Social Security             )
Administration,                             )
                                            )
                    Defendant.              )
_____)

On September 5, 2017, Beatrice E. Whitten ("Whitten"), counsel for Plaintiff Carolyn

Jefferson ("Plaintiff"), filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b).

(ECF No. 36.)  In the motion, Whitten requests reimbursement for representation provided

in the above-referenced case in the amount of $19,221.75.[1]

As required by 42 U.S.C. § 406(b), the amount requested by counsel is not greater

than twenty-five percent (25%) of the past-due benefits recovered by Plaintiff.  Counsel for

the Acting Commissioner of Social Security ("Commissioner") filed a response to the

motion on September 14, 2017, in which she states that the Commissioner does not

oppose the motion.  (ECF No. 37.)  The Court has reviewed the motion and exhibits and

finds that counsel's request for fees is reasonable.

Accordingly, IT IS ORDERED that Plaintiff's motion for attorney's fees (ECF No. 36)

pursuant to the Social Security Act, 42 U .S.C. § 406(b), is GRANTED in the amount of

---

[1] Plaintiff was awarded $78,258.00 in back-due benefits.

$19,221.75.[2]

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 19, 2017
Charleston, South Carolina

---

[2] Plaintiff received $9,376.00 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (ECF No. 35.) Plaintiff's attorney must refund to Plaintiff the EAJA fees already paid. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that fees may be awarded under both § 406(b) and EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee) (internal quotations and citation omitted)*; Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010).